IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA M. GOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-231-TFM |
| ) | [wo] |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42. U.S.C. §§ 1381, *et seq.*, Lisa M. Goodson ("Goodson" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the court REMANDS the Commissioner's decision.

**I. NATURE OF THE CASE**

Goodson requests judicial review of the Commissioner of Social Security

Administration's decision denying her application for disability insurance benefits and supplemental security income. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999), (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

Case 1:08-cv-00231-TFM   Document 23   Filed 12/31/08   Page 3 of 12

as a reasonable person would accept as adequate to support the conclusion. *Lewis*, 125 F.3d at 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence."). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid.

*Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. BACKGROUND AND PROCEEDINGS

Goodson claims disability because of carpel tunnel syndrome/nerve damage, high blood pressure, bent valve in heart, asthma, sleep apnea, depression, arthritis, and migraines. (Tr. 144). She further asserts obesity, irritable bowel syndrome and fibromyalgia. *See* Doc. 14, with record citations. Following initial administrative denial of her claim, Goodson requested a hearing before an administrative law judge ("ALJ") (Tr. 33-34, 54). ALJ James D. Smith convened an evidentiary hearing on June 16, 2006. (Tr. 403-429). Goodson was represented by an attorney, Norma Hilboldt. ALJ Smith received direct testimony from Goodson and a vocational expert, Sue Berthaum. The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by medical consultants who reviewed Goodson's medical records upon request of Alabama Disability Determination Services.[1] ALJ Smith rendered an unfavorable verdict on August 22, 2006. (Tr. 35-48). Goodson requested a review of the decision by the Appeals Council which remanded the case on March 13, 2006. (Tr. 72-80).

On August 1, 2007, ALJ Smith convened a second evidentiary hearing. (Tr. 430-54). Goodson was represented by Georgia Ludlum and Sue Berthamue testified as the vocational

---

[1] "Pete Barton" (indecipherable handwriting) (Tr. 288-295) and Luis A. Marco, M.D. (Tr. 296-300). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

expert. ALJ Murchison rendered a second unfavorable decision on September 21, 2007. (Tr. 11-25). On January 28, 2008, the Appeals Council denied Goodson's request for review. (Tr. 7-9). This Social Security Appeal was filed on March 28, 2008. *See* Doc. 1, Complaint.

## IV.  ADMINISTRATIVE DECISION

### A.    Sequential Evaluation Process

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520, 416.920 (2005); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). When a claimant is found disabled – or not – at an early step, remaining steps are not considered. *Id*. This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Phillips*, 357 F.3d at 1237-39. As such, the claimant bears the burden of proof for the following:

(1)    Whether she is currently performing a substantial gainful activity;

(2)    Whether she has a severe impairment;

(3)    Whether that severe impairment meets or exceeds an impairment in the listings; and

  (4)  Whether she can perform her past relevant work.

*Phillips*, 357 F.3d at 1237-1239.  A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden.  Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

  To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC").  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite her impairments, and is based on all relevant medical and other evidence.  *Id*.  Morever, it can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  In order to do this, the ALJ can either use the Medical Vocational Guidelines[2] ("grids") or call a vocational expert.  *Id*. at 1239-40.

  The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each of these factors can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.  Otherwise, the ALJ may use a vocational expert.  *Id*.  A vocational expert is an expert on the kinds of jobs an individual can

---

  [2]  *See* 20 C.F.R. pt. 404 subpt. P, app. 2

perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

**B.     Findings and Conclusions**

Employing the five step process, ALJ Smith found that Goodson has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[3]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Goodson is unable to perform any of her past relevant work (Step 4). (Tr. 16-23). As such, Goodson presents a *prima facie* case. Thus, ALJ Smith analyzed whether Goodson's impairments prevent her from performing work in the national economy taking into account her RFC and vocational factors.

At Steps Four and Five, ALJ Murchison states he evaluated Goodson's RFC and also received testimony from a vocational expert regarding Goodson's ability to perform work available in the national economy (Tr. 24). Upon consideration of the record, including the vocational expert's testimony, ALJ Murchison determined Goodson retains the RFC to perform work available in the national economy for jobs in the light exertional work

---

[3]     ALJ Smith found the following "severe" impairments: carpel tunnel syndrome, asthma, depression, and anxiety. (Tr. 16).

category. (Tr. 17-18). Consequently, the ALJ found Goodson has not been disabled since the alleged onset date. (Tr. 24-25).

## V. ISSUES

Goodson raises two issues on appeal:

(1) Whether the ALJ erred as a matter of law when he failed to find that Ms. Goodson's alleged physical impairments of obesity, hypertension, irritable bowel syndrome, and fibromyalgia are severe; and

(2) Whether the ALJ erred as a matter of law when he gave more weight to Ms. Goodson's consulative physician's opinion without attempting to discredit the opinions of Ms. Goodson's treating physicians.

Pl. Br. at p. 1.

The Commissioner recharacterizes the issues as "whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole." Def. Br. at p. 8. The Commissioner also restates the issues as similarly worded by Goodson: "whether the ALJ erred by failing to find that Plaintiff's alleged physical impairments of obesity, hypertension, irritable bowel syndrome, and fibromyalgia were 'severe'" and whether the ALJ erred by giving more weight to the opinion of the consultative examiner without discrediting the opinions of Plaintiff's treating physicians. *Id*. Regardless, the Commissioner does specifically address the issues raised by Plaintiff.

### VI. DISCUSSION AND ANALYSIS

### A. ALJ's Failure to Address with Specificity Claimant's Physical Impairments in his Step 2 Analysis

Goodson asserts the ALJ erred when he failed to find that she suffered the severe impairments of obesity, hypertension, irritable bowel syndrome, and fibromyalgia. Pl. Br. at 1, 4. Specifically, Goodson argues the above physical impairments are severe and the ALJ further erred when he did not articulate any reason for finding these impairments not severe.

ALJ Smith states "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals on of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 16). The Eleventh Circuit has determined an ALJ's statement that a claimant's severe impairment, or combination of impairments, do not meet the listings can be taken as evidence that the combined effects of all impairments was considered. *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002); (citing *Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986). However, the information immediately following the ALJ's statement relates solely to the mental impairments. (Tr. 16-17). Specifically, the paragraph begins with "[t]he claimant's mental impairments, considered singly and in combination, do not meet or equal the criterial of listings 12.04 and 12.06." (Tr. 16). There is no reference to Goodson's physical impairments in this discussion.

Several pages later, when discussing Goodson's pain levels and discrediting her testimony regarding her levels of pain, ALJ Smith provides a brief paragraph regarding

"[a]ny other factors concerning the claimant's functional limitations and restrictions due to pain and other symptoms (SSR 96-7p)" and includes brief references to Plaintiff's weight, irritable bowel syndrome, and fibromyalgia. (Tr. 19). There is no reference to hypertension in this paragraph. While hypertension is referenced in ALJ Smith's discussion of medical reports, there is no clear indication that he considered it in making his determination regarding the severity of her impairments - either singly or in combination. Further, the ALJ's brief references in later sections to Goodson's obesity, irritable bowel syndrome, and fibromyalgia do not provide the reviewing Court with a clear indication that these physical impairments were considered in the Step Two analysis.[4] All of the plaintiff's impairments must be considered in combination even when the impairments considered separately are not severe. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir.1985).

An ALJ must state, with sufficient specificity, the reasons for his decision. Here, the ALJ made no express determination as to the severity of these impairments nor did his discussion on the "combination of impairments" include reference to Goodson's physical impairments. Accordingly, this constitutes reversible error.

**B.     Whether the ALJ properly evaluated the medical opinions of the record**

Goodson alleges the ALJ gave more weight to the consultative physician's opinion without attempting to discredit the opinions of her treating physicians. The regulations give preference to the opinion of the treating physicians. 20 C.F.R. § 404.1527(d)(2). However,

---

[4]     This is especially true in light of the previous remand wherein the ALJ was specifically instructed to consider Goodson's obesity. (Tr. 80).

"the ALJ has the discretion to weigh objective medical evidence and may choose to reject the opinion of a treating physician while accepting the opinion of a consulting physician..[but] if he follows that course of action, he must show "good cause" for his decision." *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1114 (M.D. Ala. 2003).

ALJ Smith provided a detailed description of Goodson's medical records . (Tr. 19-23, 40-43). Dr. Mark Ellis examined Goodson at the request of the Social Security Administration. (Tr. 203-209). ALJ Smith specifically notes that "more weight is given to Dr. Ellis." (Tr. 22). Goodson avers this is an error because the ALJ did not attempt to discredit the opinions of Goodson's treating physicians. As noted by the Commissioner, contrary to Goodson's assertion, Dr. Ellis' opinion does not contradict the treatment records from her treating physicians. *See* Def. Br. at 12.

In her brief, Goodson points to various medical incidents including flare-ups of her hypertension and the fact Goodson had been prescribed splints/braces to wear on her arms because of carpel tunnel syndrome. *See* Pl. Br. at 14. A review of the medical records shows that no treating or examining physician opined Goodson is so limited that she would be precluded from gainful work activity at all exertional levels. Further, Goodson's daily activities include getting her son ready for school, driving him to school, doing household chores, cooking, yard work, and trying to "walk a lot." (Tr. 213, 418). It is not for this Court to reweigh the evidence, but rather determine whether the ALJ has articulated sufficient reasons for his decision. In terms of his reliance on Dr. Ellis' opinion, the Court finds no

error.

## VII.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the court concludes that the case should be remanded for review of evidence under the proper legal standards as to Goodson's all alleged impairments in combination.  It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED**.  A separate order is entered herewith.

DONE this 31st of December, 2008.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE